IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEE BOWERS, et al.                              :
                                                :          CIVIL ACTION
                                                :
            v.                                  :
                                                :          NO. 06-CV-3229
                                                :
CITY OF PHILADELPHIA, et al.                    :

**SURRICK, J.**                                     **SEPTEMBER 28, 2006**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court is Plaintiffs' Motion For Class Certification (Doc. No. 29),

City Defendants and District Attorney's Response in opposition (Doc. No. 40), and Plaintiffs'

Reply (Doc. No. 42). For the following reasons, the Motion will be granted.

**I.        BACKGROUND**

This case involves allegations by pre-trial detainees in the Philadelphia Prison System

("PPS") of severe prison overcrowding and concomitant dangerous, unhealthy, and degrading

conditions. Plaintiffs allege that these conditions and the policies and practices of Defendants

violate the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Plaintiffs allege that they are pre-trial detainees who, due to severe overcrowding and lack of

adequate facilities, are held at police districts, the Police Administration Building, or at intake

units of the PPS.

Plaintiffs allege that the Philadelphia Prison System faces severe overcrowding problems

which have led to a host of unconstitutional conditions. They contend that the overall prison

population is now at "8,900 inmates, over 1,000 beyond the rated capacity of the PPS." (Doc.

No. 1 at 5.) Plaintiffs further allege that as a result of the overcrowding, "the PPS literally ran

out of housing space" and has instituted a policy and practice of holding inmates at the intake/admissions area of the Detention Center ("DC"), the Philadelphia Industrial Correctional Center ("PICC"), and the Curran Fromhold Correctional Facility ("CFCF") until a cell becomes available.  They contend that inmates have been held in these areas for up to six days in dangerous and unhealthy conditions.  (*Id.* at 6-7.)

In particular, Plaintiffs allege that conditions at these facilities include the following:  (1) inmates at DC and PICC are held in cells without beds, adequate toilets, or access to showers, are not medically screened, and have no access to counsel; (2) inmates at CFCF are regularly held in cells with up to 25-35 men despite the cell's capacity to hold 5-10 inmates; (3) because of the overwhelmingly large number of detainees, inmates at CFCF often do not receive medical screenings for a week, and inmates with communicable diseases are held in close proximity with others for up to 100 hours; (4) the overcrowding and resulting conditions have made fighting among detainees inevitable.  (*Id.* at 7-8.)

Because of these conditions in the PPS intake/admissions areas of the DC, PICC, and CFCF facilities, Plaintiffs allege that the Commissioner of Corrections has instituted a policy of not accepting new inmates from the Police Department, post-preliminary arraignment, when the population of the PPS exceeds 8,750.  (*Id.* at 8.)  As a result, people who are unable to post bail after their preliminary arraignment are now held at police districts or the Police Administration Building ("PAB") for days while they await admission to the PPS.  While being held at the police districts and the PAB, detainees receive only emergency medical care, have no access to phones, family, or legal counsel, no showers, inadequate toilet facilities and inadequate places to sleep.  (*Id.*)  Plaintiffs claim that "as of July 20, 2006, the PPS was not accepting new inmates

2

and over 300 persons were awaiting admission to PPS, but are being held for days at police

districts." (*Id.* at 9.)

Plaintiffs claim that the above-described conditions amount to violations of the Sixth,

Eighth, and Fourteenth Amendments in that they are deprived of their rights to counsel, to a

speedy trial, to be free from cruel and unusual punishment, to the provision of medical care, and

to the right not to be deprived of liberty without due process of law. (*Id.* at 12.) Plaintiffs seek

certification of a class that includes:

> All persons who have been or will in the future be held post-preliminary
> arraignment in the custody of the Philadelphia Police Department, including its
> districts or the Police Administration Building, or anywhere in the Philadelphia
> Prison System, pending intake/admissions processing, at the Philadelphia Prison
> System, who have been or will in the future be subjected to the conditions of
> confinement as set forth in Plaintiffs' Complaint.

(Doc. No. 29 at 1.) They seek certification of this class for purposes of declaratory and

injunctive relief only.

## II.    LEGAL STANDARD

The prerequisites for maintaining a class action are set forth in Federal Rule of Civil

Procedure 23. To be certified, a class must satisfy the four prerequisites in Rule 23(a), and must

fit within at least one of the three categories of class actions in Rule 23(b). Fed. R. Civ. P. 23;

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). Rule 23(a) requires that the

movant demonstrate the following for certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests of the class.

3

Fed. R. Civ. P. 23(a).  Rule 23(b)(2) permits certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).[1]

Plaintiffs bear the burden of proof to show that the requirements in Rules 23(a) and (b) are met.  *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974).  "A class certification decision requires a thorough examination of the factual and legal allegations."  *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir. 2001).  When faced with "potentially cumbersome or frivolous" classes, Rule 23 grants district courts broad power and discretion in determining whether to certify a class and how to manage a certified class.  *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979).

## III.   DISCUSSION

Plaintiffs assert that the class they seek to have certified meets all of the requirements of Rule 23(a) and 23(b)(2).  Defendants contend that we should deny class certification for two reasons.  First, they claim that the named plaintiffs lack standing to raise claims for injunctive and declaratory relief because they have alleged only past harm as pre-trial detainees. Defendants argue that this deficiency is fatal to the request for class certification.  (Doc. No. 40 at 3.)  In addition, Defendants argue that because the named plaintiffs do not have standing, they do not meet the "typicality" requirement of Rule 23(a)(3).  (*Id.* at 11.)  Defendants raise only

---

[1] Plaintiffs rely on Rule 23(b)(2) and do not discuss Rule 23(b)(1) or 23(b)(3) as potential grounds for class certification.  (Doc. No. 29 at 7.)

these two objections to Plaintiffs' Motion for Class Certification and thus impliedly concede that Plaintiffs have met the other elements of Rule 23(a) and (b).

### A.      Uncontested Elements of Rule 23

Plaintiffs contend—and Defendants do not challenge—that they satisfy the numerosity, commonality, and adequacy of representation requirements of Rule 23(a).  We agree.  Plaintiffs undoubtedly satisfy Rule 23(a)(1)'s requirement of numerosity.  They allege that in the last two and a half months alone, over 300 people have been subjected to the conditions described in the Amended Complaint while being held at the intake/admissions areas of the DC, the PICC, and the CFCF.  (Doc. No. 29 at 8.)  In addition, as the class that Plaintiffs seek to have certified includes future detainees, the number will undoubtedly be far larger, making joinder impractical. *See Mawson v. Wideman*, 84 F.R.D. 116, 118 ((M.D. Pa. 1979) finding joinder impractical and numerosity requirement met when class includes 147 current inmates in addition to future inmates).  Accordingly, since the class in this case may include thousands of detainees, Plaintiffs clearly satisfy the numerosity requirement.

Similarly, Plaintiffs satisfy the commonality requirement.  "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class." *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988).  In this case, all class members are or will be subject to the conditions alleged in the Amended Complaint, all of which result from the overall claim of unconstitutional overcrowding.  Moreover, all members of the class raise common questions of law—whether the practices, policies, and resulting conditions alleged constitute violations of the United States and Pennsylvania Constitutions and the laws of the Commonwealth of

Pennsylvania.  As a result, Plaintiffs clearly satisfy Rule 23(a)'s commonality requirement.  *See id.* (finding commonality in prison conditions litigation).

Plaintiffs also satisfy Rule 23(a)'s adequacy of representation requirement.  "Adequate representation depends on two factors:  (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class."  *Wetzel v. Liberty Mut. Ins. Co.*,  508 F.2d 239, 247 (3d Cir. 1975) (citing *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968)).  In this case, Plaintiffs' attorneys are, without question, qualified to handle this litigation.  They have vast experience, having litigated the two prior class actions involving prison conditions at the PPS.  (Doc. No. 29 at 12.)  In addition, Plaintiffs' interests in this case coincide with those of the potential class members in that the named Plaintiffs seek a declaration that the practices, policies, and conditions complained of in the Amended Complaint are unconstitutional and seek injunctive relief prohibiting the continuation of those conditions.  (*Id.* at 13.)

Finally, Plaintiffs have met the requirements of Rule 23(b)(2), that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Courts have noted that Rule 23(b)(2) is "an especially appropriate vehicle for civil rights actions seeking . . . declaratory relief 'for prison and hospital reform.'"  *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980) (quoting 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.40(1) (1980)); *see also Santiago v. City of Phila.*, 72 F.R.D. 619, 625-26 (E.D. Pa. 1976) ("This subsection has been liberally applied in the area of civil rights, including suits challenging conditions and practices at various detention facilities."

(citing *Martinez Rodriquez v. Jimenez*, 409 F. Supp. 582 (D. P.R. 1976); *Woe v. Mathews*, 408 F. Supp. 419 (E.D.N.Y. 1976); *Pugh v. Locke*, 406 F. Supp. 318 (M.D. Ala. 1976); *King v. Carey*, 405 F. Supp. 41 (W.D.N.Y. 1975))). "The essential consideration is whether the complaint alleges that the plaintiffs have been injured by defendants' conduct which is based on policies and practices applicable to the entire class." *Santiago*, 72 F.R.D. at 626. In this case, Plaintiffs allege policies and practices that have created dangerous, unhealthy, and generally degrading conditions throughout various units of the PPS and Police Districts. They seek relief that will terminate such practices. These allegations and the relief sought clearly satisfy Rule 23(b)(2)'s requirements.

### B.     Standing of Named Plaintiffs

Defendants challenge Plaintiffs' Motion for Class Certification primarily on the ground that the named Plaintiffs do not have individual standing to seek injunctive and declaratory relief, a flaw that Defendants argue is fatal to the request for class certification. Federal-court jurisdiction is limited by Article III of the Constitution to "cases" and "controversies." U.S. Const. art. III, § 2, cl.1; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). In addition, the mootness doctrine limits the jurisdiction of the federal courts in two circumstances: "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The Supreme Court has referred to the second aspect of mootness, the notion of standing, as "the personal stake requirement." *Id.* (citing *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 755 (1976); *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

While the principles of mootness are applicable to every case before the federal courts, the Supreme Court has made clear that there are a number of exceptions to the doctrine of mootness.  Defendants are correct that, as pointed out by *Newberg on Class Actions*, "threshold individual standing is a prerequisite for all actions, including class actions."  1 Herbert B. Newberg, Newberg on Class Actions § 2.05 (2d ed. 1985).  However, as the Supreme Court observed in *Sosna v. Iowa*, 419 U.S. 393 (1975), when a court certifies a class action, the class of unnamed individuals takes on a separate legal status from that of the named plaintiffs and "this factor significantly affects the mootness determination."  *Id.* at 557.  The *Sosna* Court addressed a case in which a woman sought to represent a class of Iowa residents in challenging the constitutionality of an Iowa durational residency requirement for divorce proceedings.  However, the named plaintiff had satisfied the residency requirements by the time her case reached the Supreme Court, leading the Court to address the question of mootness in the context of her class action litigation.  *Id.* at 397-98.  The Court concluded that for such a case to proceed, the named plaintiff must have a live case or controversy at the time the complaint is filed and at the time the district court certifies the class.  *Id.* at 402.  However, while there must, in addition, be a live controversy at the time the Court reviews the case, "[t]he controversy may exist . . . between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."  *Id.*  The court explained its rationale as follows:

> This view draws strength from the practical demands of time.  A blanket rule under which a class action challenge to a short durational residency requirement would be dismissed upon the intervening mootness of the named representative's dispute would permit a significant class of federal claims to remain unredressed for want of a spokesman who could retain a personal adversary position throughout the course of the litigation.

*Id.* at 402 n.9.  Thus, the Court recognized an exception to mootness so that the resolution of the controversy as to the named plaintiff, so long as it occurs after the class is certified, does not render the action moot as to the entire class.  *Id.* at 401.

In addition to this class action exception to mootness, the Court has also recognized that there is a category of cases "that are deemed not moot despite the litigant's loss of personal stake, that is, those 'capable of repetition, yet evading review.'" *Geraghty*, 445 U.S. at 398 n.6 (citing *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)).  The Court again recognized an example of this exception to mootness in the landmark case, *Roe v. Wade*, 410 U.S. 113 (1973):

> [W]hen, as here, pregnancy is a significant fact in the litigation, the normal 266-day human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete.  If that termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied.  Our law should not be that rigid. Pregnancy often comes more than once to the same woman, and in the general population, if man is to survive, it will always be with us.  Pregnancy provides a classic justification for a conclusion of nonmootness.  It truly could be "capable of repetition, yet evading review."

*Id.* at 125 (citing *S. Pac. Terminal Co.*, 219 U.S. at 515; *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969); *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 178-79 (1968); *United States v. W. T. Grant Co.*, 345 U.S. 629, 632-33 (1953)).  In a more recent civil rights action in which the plaintiff sought injunctive relief against the City of Los Angeles, the Court clarified the "capable of repetition, yet evading review" doctrine.  The Court in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), explained that the doctrine "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."  *Id.*  at 109 (citing *Defunis v. Odegaard*, 416

9

U.S. 312, 319 (1974)).  The exception thus applies only when the plaintiff himself will suffer the alleged harm again in the future.

Defendants contend that neither of these exceptions to mootness apply to Plaintiffs in this case.  We agree.  With regard to the class action exception recognized in *Sosna*, it is clear that for this exception to apply, the court must have certified the class prior to the expiration of the named plaintiff's personal stake.  In this case, Plaintiffs allege past harm but are no longer pre-trial detainees.  Defendants are correct that in the formal sense, Plaintiffs no longer have a personal stake in injunctive relief.  As the Court in *Oshea v. Littleton*, 414 U.S. 488 (1974), observed:  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *Id.* at 495-96; *see also id.* at 494 ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").  Because the class was not certified before Plaintiffs' live controversy expired, the exception described in *Sosna* cannot apply.

In addition, Defendants are correct that application of the "capable of repetition, yet evading review" doctrine is technically problematic in this case as well.  The *Lyons* Court made clear that for the doctrine to apply, the plaintiff must demonstrate more than mere speculation that he will again experience the alleged injury if the practice is continued.  *Lyons*, 461 U.S. at 109; *see also id.* at 108 ("We cannot agree that the 'odds' that Lyons would not only again be stopped for a traffic violation but would also be subjected to a chokehold without any provocation whatsoever are sufficient to make out a federal case for equitable relief.").  In this case, Plaintiffs cannot offer more than speculation that they will face reincarceration in the PPS

short-term detention facilities.[2]  As a result, the "capable of repetition, yet evading review"

doctrine, cannot, as it has traditionally been used, apply as an exception to mootness in this case.

      However, while we agree with Defendants that neither of the above-described exceptions

applies in this case, Defendants have inexplicably failed to discuss several Supreme Court

opinions that create a third type of exception to the mootness doctrine—an exception that clearly

applies in this case.[3]  In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Court dealt with a class

action suit brought by prisoners held in pretrial detention.  In considering the mootness question,

the Court noted that it was not clear whether any of the plaintiffs were still in pre-trial custody

when the District Court certified the class.  *Id.* at 111 n.11.  The Court observed that under

*Sosna*, a showing that the Plaintiffs had a personal stake when the class was certified would be

necessary to avoid mootness.  *Id.*  However, the Court found that "this case is a suitable

exception to that requirement."  *Id.*  In a lengthy footnote, the Court observed that pretrial

detention creates a unique situation by virtue of the transitory nature of the harm:

> The length of pretrial custody cannot be ascertained at the outset, and it may be
> ended at any time by release on recognizance, dismissal of the charges, or a guilty
> plea, as well as by acquittal or conviction after trial.  It is by no means certain that
> any given individual, named as plaintiff, would be in pretrial custody long enough
> for a district judge to certify the class.  Moreover, in this case the constant
> existence of a class of persons suffering the deprivation is certain.

*Id.* (internal citations omitted).  The Court, in essence, recognized that while neither the *Sosna*

class action exception nor the "capable of repetition, yet evading review" doctrine technically

---

    [2] Plaintiffs would have to assert that they will be re-arrested and incarcerated again as pre-trial detainees under the same conditions that they allege currently exist in the intake units of the PPS.  Such a scenario is unlikely.

    [3] Zealous advocacy and intellectual honesty are not mutually exclusive.

applied in these unique circumstances, an additional exception to mootness must exist to address

short-term harms that would otherwise truly evade judicial review.  The Court explained:

> This case belongs . . . to that narrow class of cases in which the termination of a
> class representative's claim does not moot the claims of the unnamed members of
> the class.  Pretrial detention is by nature temporary, and it is most unlikely that
> any given individual could have his constitutional claim decided on appeal before
> he is either released or convicted.  The individual could nonetheless suffer
> repeated deprivations, and it is certain that other persons similarly situated will be
> detained under the allegedly unconstitutional procedures.  The claim, in short, is
> one that is distinctly "capable of repetition, yet evading review."

*Id.* (internal citations omitted).  The Court referred to its decision in *Gerstein* several years later

in *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), observing that "[s]ome

claims are so inherently transitory that the trial court will not have even enough time to rule on a

motion for class certification before the proposed representative's individual interest expires."

*Id.* at 399.  Numerous courts have since cited *Gerstein* and its exception to mootness for

inherently transitory claims.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)

(referencing *Gerstein's* holding on inherently transitory claims and observing:  "[t]hat the class

was not certified until after the named plaintiffs' claims had become moot does not deprive us of

jurisdiction."); *Rocky v. King*, 900 F.2d 864, 869-70 (5th Cir. 1990) (referencing narrow

exception in *Gerstein* for inherently transitory claims); *see also Mawson*, 84 F.R.D. at 120

("[W]hen conditions challenged are common to the entire population, where there is such a

turnover of inmates that the question of mootness stands as a possible barrier to adjudication,

where Plaintiffs have retained experienced counsel, and where there is no response from the

Defendants, then the cause is well suited for certification as a class action.").  In cases where this

exception applies, "the 'relation back' doctrine is properly invoked to preserve the merits of the

case for judicial resolution." *McLaughlin*, 500 U.S. at 52 (citing *Swisher v. Brady*, 438 U.S. 204, 213-14 n.11 (1978); *Sosna*, 419 U.S. at 402 n.11).

The case before us is clearly just such a case. While Plaintiffs are no longer pre-trial detainees enduring the conditions alleged in the Complaint, the duration of pre-trial custody does not last much more than a week. It is impossible in this case for us to rule on class certification before any of the named Plaintiffs' personal stakes in injunctive relief expires. Were we to deny class certification or dismiss the case for lack of standing by the named Plaintiffs, the alleged harm would never receive judicial review. Given that Plaintiffs allege severe prison overcrowding and dangerous, unhealthy, and degrading conditions and given that it is certain that other pre-trial detainees are currently and will in the future be detained under the allegedly unconstitutional conditions, this case certainly belongs in the class of cases for which an exception to mootness must be made. Accordingly, we find that Plaintiffs have standing to bring this class action for injunctive and declaratory relief.[4]

### C.       Typicality under Rule 23(a)

In addition to arguing that Plaintiffs do not have standing to seek injunctive and declaratory relief, Defendants also contend, based on the standing argument, that the class fails to meet the "typicality" requirements of Federal Rule of Civil Procedure 23(a). (Doc. No. 40 at 11.) Rule 23(a) requires that for a class to be certified, the movant must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R.

---

[4] We note that Defendants have now put forth this meritless argument on standing in three separate pleadings in this case: Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. No. 25), the instant Response in Opposition to Plaintiffs' Motion for Class Certification (Doc. No. 40), and the recently filed Motion to Dismiss or for Summary Judgment (Doc. No. 44).

Civ. P. 23(a).  "[A] plaintiff's claim is typical if it arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory."  *Zeffiro v. First Pa. Banking & Trust Co.*, 96 F.R.D. 567, 569 (E.D. Pa. 1983).

Defendants argue that "the named Plaintiffs, as past detainees, do not have injunctive and declaratory relief claims at all, let alone ones that are 'typical'" because of their argued lack of individual standing.  (Doc. No. 40 at 11.)  In presenting this challenge to the "typicality" element of class certification, Defendants simply recast their argument on standing and re-state it as a challenge to Plaintiffs' satisfaction of Rule 23(a)'s requirements.  However, we have already decided that an exception to mootness applies in this case because of the transitory nature of the harm involved in pre-trial detention.  Were we to decide that despite this exception, the technical lack of standing made the named Plaintiffs' claims atypical of those they seek to represent, class certification would be impossible in any case involving pre-trial detention or other harms of short duration.  We are unwilling to reach such a conclusion.  Accordingly, Plaintiffs' Motion for Class Certification will be granted.

An appropriate Order follows.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEE BOWERS, et al.                         :
                                           :          CIVIL ACTION
                                           :
        v.                                 :
                                           :          NO. 06-CV-3229
                                           :
CITY OF PHILADELPHIA, et al.               :

## ORDER

AND NOW, this ___ day of September, 2006, upon consideration Plaintiffs'

Motion For Class Certification (Doc. No. 29) and all papers filed in support thereof

and in opposition thereto, it is ORDERED that the Motion is GRANTED.  This

action is hereby certified as a class action for purposes of injunctive and declaratory

relief pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), on behalf of the

following class:

> All persons who have been or will in the future be held
> post-preliminary arraignment in the custody of the Philadelphia Police
> Department, including its districts or the Police Administration
> Building, or anywhere in the Philadelphia Prison System, pending
> intake/admissions processing, at the Philadelphia Prison System, who
> have been or will in the future be subjected to the conditions of
> confinement as set forth in Plaintiffs' Complaint.

It is further ORDERED that plaintiffs Lee Bowers, Brandon Bucci, Darius

Mcdowell, James Walker, Jerome Bullard, Jerome Hayes, Dennis Jones, Nathaniel

Kennedy, Raymond Leventry, Michael Little, Gihad Topping, Timothy Weglicki,

and Manuel Williams are hereby designated as the representatives of the class. David

Rudovsky and the law firm of Kairys, Rudovsky, Messing & Feinberg LLP; Angus

R. Love and the Institutional Law Project; and David Richman and the law firm of

Pepper Hamilton LLP shall serve as class counsel.

IT IS SO ORDERED.


BY THE COURT:


/s/ R. Barclay Surrick
U.S. District Court Judge