IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE BOWERS, et al. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-CV-3229 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**SURRICK, J.**                                                                                                                          **JANUARY 18, 2007**

## MEMORANDUM & ORDER

Presently before the Court are two evidentiary Motions filed by Plaintiffs: (1) Plaintiffs' Motion To Admit New Evidence (Doc. No. 73), and Defendants' Response thereto (Doc. No. 80), which also seeks admission of additional evidence, and (2) Plaintiffs' Motion to Strike Exhibit From Proposed Findings Of Fact, Conclusions Of Law And Memorandum Of Law Of Defendants City Of Philadelphia, And Commissioners King And Johnson (Doc. No. 81), Defendants' Response in opposition thereto (Doc. No. 83), and Plaintiffs' Reply (Doc. No. 84).

**I.    BACKGROUND** [1]

This case involves allegations by pre-trial detainees in the Philadelphia Prison System ("PPS") of severe prison overcrowding and concomitant dangerous, unhealthy, and degrading conditions. Plaintiffs allege that these conditions and the policies and practices of Defendants violate the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

---

[1] The background of this case has been more fully summarized in our previous Memoranda and Orders dated September 8, 2006 and September 28, 2006. *See Bowers v. City of Phila.,* Civ. A. No. 06-3229, 2006 WL 2601604 (E.D. Pa. Sept. 8, 2006); *Bowers v. City of Phila.,* Civ. A. No. 06-3229, 2006 WL 2818501 (E.D. Pa. Sept. 28, 2006).

An evidentiary hearing was held October 3, 2006 through October 6, 2006 on Plaintiffs' Motion for Preliminary Injunction. On October 20, 2006, two weeks after the conclusion of the hearing on the Motion for Preliminary Injunction, Plaintiffs filed a Motion to Admit New Evidence. (Doc. No. 73.) On October 26, 2006, Plaintiffs filed a Motion to Strike, seeking to strike certain evidence presented in Defendants' Proposed Findings of Fact and Conclusions of Law. (Doc. No. 81.) We address these pending evidentiary motions prior to issuing our decision on Plaintiffs' Motion for Preliminary Injunction, since the evidentiary motions impact on the evidence that we will consider in reaching our ultimate conclusions in this case.

## II.   DISCUSSION

### A.   Motion to Admit New Evidence

Plaintiffs' Motion to Admit New Evidence (Doc. No. 73) seeks admission of evidence that shows that in the days immediately after the hearing, inmates were still being held in the intake areas of the Curran Fromhold Correctional Facility ("CFCF") for multiple days. (Doc. No. 73 at 2.) During the hearing, Defendants presented evidence that as of October 4, 2006, the PPS was processing inmates through intake from the time they arrived at the door until the time they received a bed in the quarantine unit at an average rate of nineteen (19) hours per inmate. (Tr. 4 at 12 (King).) Plaintiffs seek admission of the Declarations of Jerome Hands and Richard Brown, inmates who were transferred to the PPS from state custody and were held in CFCF intake for five days, from October 6, 2006 through October 11, 2006. (Doc. No. 73 at 2.) In these Declarations, Hands and Brown state that they spent five days in CFCF intake, during which time they were not provided with beds, had no opportunity to shower, and were given no access to hygiene materials such as soap, warm water, toothbrushes, and toothpaste. (Doc. No.

73 at Exs. 1, 2.)

In response to this Motion, Defendants acknowledge that inmates Hands and Brown were in CFCF intake for five days and state that this situation occurred because of a staff error. (Doc. No. 80 at 2-3.) In addition, Defendants state that Hands and Brown received clean jumpsuits, a blanket, daily showers, and daily use of hygiene materials including soap, shampoo, deodorant, toothbrushes, and toothpaste. (*Id.* at 3.) Moreover, Defendants note that the PPS uses different procedures for admitting state prisoners than it does for new pre-trial detainees. (*Id.* at 4.) Finally, Defendants claim that seventeen (17) of the nineteen (19) state prisoners who came into the PPS on October 6, 2006 were housed in general population within 72 hours of their arrival, pursuant to policy. (*Id.* at 3.) Defendants seek the admission of the Declarations of Deputy Warden James DiNubile (*Id.* at Ex. A), Sergeant Timothy Pearson (*Id.* at Ex. B), and pictures of the various hygiene materials (*Id.* at Ex. C).

"It is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). As a result, courts receive affidavits and other hearsay material in preliminary injunction proceedings. *Id.* (citing *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997); *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)). Defendants do not oppose the admission of Plaintiffs' new evidence. Rather, Defendants request only that we admit additional declarations from

Defendants as well. Under the circumstances, we will grant Plaintiffs' Motion to Admit New Evidence and grant Defendants' request to admit their new evidence.

    **B.**    **Motion to Strike**

On October 26, 2006, Plaintiffs filed a Motion to Strike Exhibit From Proposed Findings of Fact, Conclusions of Law and Memorandum of Law of Defendants City of Philadelphia and Commissioners King and Johnson. (Doc. No. 81.) Plaintiffs noted that the City Defendants had included four exhibits as attachments to their Memorandum of Law that were not admitted into evidence during the four-day hearing. (*See* Doc. No. 76 at Exs. 1-4.) Defendants also made reference to these exhibits in their proposed Findings of Fact and Conclusions of Law. (Doc. Nos. 77, 78.) These new exhibits include: (1) excerpts from the deposition of Public Defender Thomas Innes (Ex. D-25); (2) the receipt from the filing of the Complaint in this case (Ex. D-35); (3) a memorandum from the Commanding Officer of the Police Detention Unit regarding fire safety at the facility[2] (Ex. D-40); and (4) a memorandum regarding sanitation at the Police Department detention areas (Ex. D-41). (Doc. No. 76 at Exs. 25, 35, 40, 41.) Plaintiffs do not object to the use of exhibit D-35, because it is a public record in this case. Plaintiffs argue that exhibits D-40 and D-41 are hearsay, since they are memoranda from City officials that post-date the hearing. However, Plaintiffs do not object to the use of these exhibits because they do not believe them to have any probative value on the issues before the court. (Doc. No. 81 at 1-2.) Plaintiffs object only to the use of exhibit D-25, excerpts from the deposition of Thomas Innes

---

[2] This was not the memorandum originally submitted as exhibit D-40. However, Defendants subsequently filed a Motion to Substitute City Exhibit "40" (Doc. No. 82), noting that the exhibit originally submitted dealt with transportation of prisoners and had been submitted as exhibit D-40 in error. We will grant the Motion to Substitute and will refer to exhibit D-40 as the memorandum on fire safety at the PDU.

and argue that it is inadmissible hearsay and that defendants had a full opportunity to cross-examine Mr. Innes at the hearing and to use his deposition for purposes of impeachment. (*Id.* at 2.)

Defendants respond that Innes's deposition is admissible for several reasons. First, Defendants suggest that it is admissible because it is being used as part of a "factual attack" on the subject matter jurisdiction of the court, citing case law that indicates that matters outside of the pleadings, including testimony and affidavits may be considered. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Next, Defendants argue, without explanation, that the deposition is admissible under Federal Rule of Civil Procedure 32(a), which, in certain circumstances, allows for use of depositions at trial or upon the hearing of a motion or at an interlocutory proceeding. Fed. R. Civ. P. 32(a). Defendants also argue, albeit without any elaboration, that the deposition is admissible under Federal Rule of Evidence 807. Finally, Defendants argue that Innes is counsel to Plaintiff Walker and that, as a result, the deposition is admissible as the statement of a party-opponent pursuant to Rule 801(d)(2) of the Federal Rules of Evidence.

We find Defendants' arguments unpersuasive. First, Defendants provide no support or explanation for their argument that the deposition is admissible under Rule 32(a) or Rule 807 and do not even specify to which subsection of Rule 32(a) they are referring. We find nothing in either of these rules to support admission. In addition, while the Public Defender's office (and not Thomas Innes personally) represents Plaintiff Walker in his criminal case, this fact in no way makes Thomas Innes a party-opponent in the context of this civil rights action. Finally, while courts may consider matters outside of the pleadings in deciding the issue of subject matter

jurisdiction, Defendants had ample opportunity to present this evidence and to question Innes on matters relevant to the court's subject matter jurisdiction at the time of Mr. Innes's testimony at the four-day hearing and to use his deposition testimony to impeach him if they saw fit.[3]  We see no reasonable justification for the admission of this deposition testimony now and will grant Plaintiff's Motion to Strike exhibit D-25.  We will permit the use of exhibits D-40 and D-41.

An appropriate Order follows.

---

[3] We address Defendants' argument that the court lacks subject matter jurisdiction in our Memorandum disposing of Plaintiffs' Motion For Preliminary Injunction.  However, it is important to note at this point that we have reviewed the Innes deposition testimony, and we find that it does not support Defendants' argument on the issue of subject matter jurisdiction.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE BOWERS, et al. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-CV-3229 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**<u>ORDER</u>**

AND NOW, this <u>18th</u> day of January, 2007, upon consideration of Defendants' Motion To Substitute City Exhibit "40" (Doc. No. 82), Plaintiffs' Motion To Admit New Evidence (Doc. No. 73), Plaintiffs' Motion To Strike Exhibit From Proposed Findings Of Fact, Conclusions Of Law And Memorandum Of Law Of Defendants City Of Philadelphia, And Commissioners King And Johnson (Doc. No. 81), and all papers submitted in support thereof and in opposition thereto, it is ORDERED as follows:

1. Defendants' Motion to Substitute City Exhibit "40" (Doc. No. 82) is GRANTED.

2. Plaintiffs' Motion to Admit New Evidence (Doc. No. 73) is GRANTED. We will admit the evidence referred to in Plaintiffs' Motion along with the Declarations of Deputy Warden James DiNubile and Sergeant Timothy Pearson as well as pictures of the various hygiene materials, as requested by Defendants in their Response (Doc. No. 80).

3. Plaintiff's Motion to Strike (Doc. No. 81) is GRANTED. Exhibit D-25 to Defendants' Proposed Findings of Fact and Conclusions of Law is stricken.

IT IS SO ORDERED.

BY THE COURT:

/s/ R. Barclay Surrick
U.S. District Court Judge