IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE BOWERS, et al. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-CV-3229 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**SURRICK, J.**                                                              **OCTOBER 10, 2007**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court is the Joint Motion of Plaintiffs and the City Defendants to

Terminate Preliminary Injunction (Doc. No. 148).  For the following reason, the Joint Motion

will be granted.

**I.        BACKGROUND**

This action commenced on July 24, 2006 with the filing of Plaintiffs' Complaint against

Defendants City of Philadelphia, Leon A. King II, individually and in his official capacity as

Commissioner of the Philadelphia Prisons, Sylvester Johnson, individually and in his official

capacity as Commissioner of the Philadelphia Police Department, and John Doe and Richard

Roe, unknown Prison and Police Officials and Officers, in their individual capacities.  (Doc. No.

1.)  At the same time, Plaintiffs filed the Motion for Preliminary Injunction seeking relief in the

form of a judgment, declaring that the practices, policies, and conditions as alleged in the

Complaint are unconstitutional, and an injunction prohibiting the implementation of such

unconstitutional conditions.  Plaintiffs requested that Defendants be required to "either provide

the plaintiff class with constitutionally acceptable conditions of confinement, medical care,

screening, and medication, access to legal counsel, placement in habitable cells, with adequate

showers, toilets and other necessary personal hygiene, and protection from assaults or other

dangers to their life or safety, or discharge the members of the class from custody."  (Doc. No. 1

at 12-13.)

On August 17, 2006, District Attorney Lynne Abraham filed a Motion to Intervene.

(Doc. No. 9.)  The Motion was granted by Memorandum and Order dated September 8, 2006.

(Doc. No. 20.)  Plaintiffs filed a Motion for Leave to Amend the Complaint on September 6,

2006.  (Doc. No.19.)  This Motion was granted on September 13, 2006.  (Doc. No. 33.)

Plaintiffs' Amended Complaint added nine named Plaintiffs to represent the interests of the

plaintiff class.  (Doc. No. 34.)  On September 12, 2006, Plaintiffs filed a Motion for Class

Certification.  (Doc. No. 29.)  On September 28, 2006, we certified a class for purposes of

declaratory and injunctive relief consisting of:

> All persons who have been or will in the future be held post-preliminary arraignment in the custody of the Philadelphia Police Department, including its districts or the Police Administration Building, or anywhere in the Philadelphia Prison System, pending intake/admissions processing, at the Philadelphia Prison System, who have been or will in the future be subjected to the conditions of confinement as set forth in Plaintiffs' Complaint.

(Doc. No. 51 at 15.)  On September 26, 2006, Defendants and District Attorney Abraham filed

their Joint Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) or for Summary Judgment

(Doc. No. 44), arguing first, that the Court lacks subject matter jurisdiction to adjudicate the

injunctive relief claims, because Plaintiffs are no longer incarcerated in the short-term detention

facilities at issue in the Complaint, and second, that the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e *et seq.* ("PLRA"), precludes any civil action by these incarcerated Plaintiffs because of

their failure to exhaust their administrative remedies.  (Doc. No. 44 at 1-2.)  This Motion was

denied.  (Doc. No. 94.)

An evidentiary hearing on prison conditions was held October 3, 2006 through October

6, 2006. (*See* Doc. No. 94 at 8 n.7.) The Plaintiffs presented evidence at the hearing that

focused upon conditions that existed between May and September of 2006. (*Id*. at 6.) In

addition, on December 12, 2006, we toured the intake unit at the Curran Fromhold Correctional

Facility ("CFCF"), the holding cells at the PAB, and the holding cells in the 9th Police District.

(*Id*. at 1.)

On January 25, 2007, we entered a Preliminary Injunction. (*See* Doc. No. 94.) We made

extensive findings of fact based upon evidence and testimony from the evidentiary hearing as

well as the December 12, 2006 tours. (*Id*. at 3.) In the Order, we stated:

> It is DECLARED that the conditions that existed in the intake unit at CFCF, in the
> detention unit of the PAB, and in the holding cells in the Philadelphia Police
> Districts during the summer of 2006, violated the constitutional rights of the
> Plaintiffs and members of the Plaintiff class as provided under the Fourteenth
> Amendment of the United States Constitution.

(Doc. No. 94.) Furthermore, the Order detailed the unconstitutional conditions that we found:

> The unconstitutional conditions included the holding of post-arraignment detainees
> for days in holding cells at the intake unit of CFCF, in the detention unit of the PAB,
> and in the holding cells in the Police Districts in numbers that far exceeded the
> capacity of the cells, and which required detainees to sit and sleep on concrete floors
> and on top of each other. The conditions also included the failure to provide beds
> and bedding, the failure to provide materials for personal hygiene including soap,
> warm water, toothpaste, toothbrushes, and shower facilities, unsanitary and
> unavailable toilet facilities, the failure to provide for the medical needs of detainees,
> the failure to timely classify detainees in the intake unit at CFCF, and the lack of fire
> safety protection at the PAB and in the Police Districts.

(*Id*.) Finally, we ordered the City to take immediate affirmative steps to redress these conditions.

(*Id*.)

On February 8, 2007, the City Defendants filed a Motion to Amend the Judgment

Pursuant to Rule 59(e). (*See* Doc. No. 100.) On April 5, 2007, Plaintiffs filed a Motion to

3

Extend Preliminary Injunction.  (Doc. No. 117.)  We held a hearing on April 12, 2007.  (*See* Doc. No. 120.)  On April 23, 2007, we amended Paragraph 4 of the January 25, 2007 Order.  (Doc. No. 123.)  We also extended the preliminary injunction for a 90-day period from April 25, 2007 through July 24, 2007.  (Doc. No. 123 at 2; *see also* 18 U.S.C. § 3626(a)(2).)  We stated that "the extension of the preliminary injunction is necessary to correct and prevent the harms that were addressed in our Memorandum of January 25, 2007, and that the Order is narrowly drawn, is the least intrusive means, and extends no further than necessary to correct those harms." (Doc. No. 123 at 2.)

On July 23, 2007, prior to the expiration of the 90-day period, the Plaintiffs filed a Second Motion to Extend Preliminary Injunction.  (Doc. No. 132.)  We granted this motion (Doc. No. 134), incorporating by reference the Memorandum of January 25, 2007 and the Order of April 23, 2007.  The July 23rd Order extended the preliminary injunction for a period of 90 days, from July 24, 2007 to and through October 22, 2007.  (Doc. No. 134 at 1.)

Plaintiffs and the City Defendants have advised that they have reached a private settlement agreement.  This agreement will continue the monitoring of the prisons without federal court supervision.

## II.    DISCUSSION

Plaintiffs and the City Defendants are in agreement that the Court should terminate the preliminary injunction entered on July 23, 2007.  (*See* Doc. No. 148 at 1.)  The District Attorney has notified the Court that she does not oppose the proposal of the Plaintiffs and City Defendants to have the preliminary injunction terminated and to enter into the private settlement agreement

described in their joint motion.[1]  (Doc. No. 149 at 2.)

The Prison Litigation reform Act, 42 U.S.C. § 1997e *et seq.* (2000) ("PLRA"), provides

the following with regard to private settlement agreements:

> Nothing in this section shall preclude parties from entering into a private settlement
> agreement that does not comply with the limitations on relief set forth in subsection
> (a), if the terms of that agreement are not subject to court enforcement other than the
> reinstatement of the civil proceeding that the agreement settled.

18 U.S.C. § 3626(c)(2)(A).  The PLRA defines a "private settlement agreement" as "an

agreement entered into among the parties that is not subject to judicial enforcement other than

the reinstatement of the civil proceeding that the agreement was settled." 18 U.S.C. § 3626(g)(6).

In this case, the preliminary injunction entered into on July 23, 2007 will terminate in a

matter of weeks.  Under the PLRA, a court cannot extend a preliminary injunction for an

additional 90-day period without first having a hearing and finding that the relief is narrowly

drawn and the least intrusive means necessary to correct the violations.  Both sides have agreed

that terminating the  preliminary injunction immediately and entering into a private settlement

agreement is the best method, under the circumstances, to continue on the path to resolving the

current dispute.  (*See* Doc. No. 148 at 2.)  The private settlement agreement between the

Plaintiffs and the City Defendants, a copy of which is attached hereto, incorporates the

"substantive obligations and commitments" of the April 23, 2007 preliminary injunction.  (*Id*.;

---

[1]The District Attorney filed appeals from the Orders of January 25, 2007, April 23, 2007, and July 23, 2007.  (*See* Doc. Nos. 95, 127, 136.)  The District Attorney has informed the Court that "[s]hould this Court grant the parties' joint motion, the District Attorney will seek to withdraw the three consolidated appeals relating to this case that she filed with the Third Circuit." (Doc. No. 149 at 3.)  The District Attorney also advised that she "reserves all rights (under state and Federal law) to the extent that Plaintiffs or others seek to use this private settlement agreement in a manner that would interfere with the District Attorney's right to compel the incarceration of prisoners." (*Id*.)

*see* Doc. No. 148 Ex. A ("Settlement Agreement").)  The settlement agreement will take effect immediately upon termination of the preliminary injunction instituted on July 23, 2007.  (Doc. No. 148 at 2.)

We are satisfied that the termination of the preliminary injunction and implementation of the private settlement agreement will not prejudice the Plaintiff class.  As the Joint Motion stated: "Inasmuch as the City Defendants' obligations to the class are unchanged, the July 23rd preliminary injunction had a short remaining life-span, and the action itself remains pending as a vehicle for potential relief should circumstances warrant, the change in the character of the parties' agreement is of marginal substantive significance." (Doc. No. 148 at 6.)

Were we to deny the Joint Motion, in order to extend the preliminary injunction again, we would have to hold hearings to determine whether such relief was still required and satisfied PLRA standards.  *See* 18 U.S.C. §§ 3626(a)(1)(A), (a)(2).  As the Plaintiffs and City Defendants explain, the private settlement agreement provides "substantive relief" that is "essentially coextensive with that which would be achieved if Plaintiffs were to prevail at a hearing on a contested motion to extend the current injunction." (Doc. No. 148 at 7.)

Moreover, the Plaintiffs will still have access to the courts if future disputes arise.  The Joint Motion states that "[n]o one questions the proposition that if the City provably engages in an action that would otherwise have been prohibited by the July 23 (or earlier) injunctive orders the plaintiffs will ultimately be entitled to relief in a court." (*Id*. at 6; *see also* 18 U.S.C. § 3626(c)(2)(B) ("Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.").)

Finally, Plaintiffs and the City Defendants have advised that the City is taking steps to redress the conditions that led to the Order of January 25, 2007 and the subsequent Orders.[2]

We are satisfied that termination of the preliminary injunction and implementation of the settlement agreement under these circumstances is appropriate.  Accordingly, we will grant the Plaintiffs' and City Defendants' joint motion to terminate the preliminary injunction.

An appropriate Order follows.

————

IN THE UNITED STATES DISTRICT COURT

―――――――――――

[2]There has been some suggestion that the City is using triple-celling to alleviate the general prison over-crowding problem.  In the Memorandum of January 25, 2007, we discussed triple-celling and observed that "even if triple-celling is permissible as a short-term emergency solution, it is not tenable as a permanent cure."  (Doc. No. 94 at 53.)  That observation was made in the context of pretrial detainees and the intake units of the prison.  It would certainly apply to the general population as well.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEE BOWERS, et al.                          :
                                            :          CIVIL ACTION
                                            :
                                            :
                                            :          NO. 06-CV-3229
                                            :
CITY OF PHILADELPHIA, et al.                :

## ORDER

AND NOW, this <u>10th</u> day of October, 2007, upon consideration of the Joint Motion of Plaintiffs and the City Defendants to Terminate Preliminary Injunction (Doc. No. 148), and all papers filed in support thereof and in opposition thereto, it is ORDERED that the Motion is GRANTED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge