IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE BOWERS, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-3229 |
| CITY OF PHILADELPHIA, et al. : | |

**SURRICK, J.**                                                                                         **DECEMBER  12 , 2008**

## MEMORANDUM & ORDER

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 165.) For the following reasons, the Motion will be denied.

**I.     BACKGROUND**

On July 24, 2006, Plaintiff Lee Bowers ("Plaintiff") filed a class action Complaint against Defendants City of Philadelphia; Leon A. King, II, individually and in his official capacity as Commissioner of the Philadelphia Prisons; Sylvester Johnson, individually and in his official capacity as Commissioner of the Philadelphia Police Department; and John Doe and Richard Roe, unknown Prison and Police Officials and Officers, in their individual capacities. (Doc. No. 1.) Plaintiffs demanded a jury trial. (*See id.*) At the same time, Plaintiffs filed a motion for a preliminary injunction seeking to correct conditions at the Philadelphia Police Administration Building ("PAB"), at the intake unit of the Philadelphia Prison System ("PPS"), and at the Curran-Fromhold Correctional Facility ("CFCF"). (Doc. No. 2.) Plaintiffs sought relief in the form of a judgment declaring that the practices, policies, and conditions alleged in the Complaint are unconstitutional, and a permanent injunction prohibiting the continuation of such unconstitutional conditions. (*Id.*) Plaintiffs also sought compensatory and punitive damages. (*Id.*)

We held a four-day evidentiary hearing on prison conditions from October 3, 2006, through October 6, 2006.  (*See* Doc. No. 94 at 8 n.7.)  We also toured the intake unit at CFCF, the holding cells at the PAB, and the holding cells in the 9th Police District.  (*Id*. at 1.)  Based on the evidence and testimony presented at the preliminary injunction hearing and on our tour of the prison facilities, we entered a Preliminary Injunction.  (Doc. No. 94.)  In a 73-page Memorandum and Order, dated January 25, 2007, we made extensive findings of fact and conclusions of law.  (*Id*. at 3.)  We stated that the conditions that existed in the intake unit at CFCF, in the detention unit of the PAB, and in the holding cells in the Philadelphia Police Districts during the summer of 2006 violated Plaintiffs' constitutional rights.  (Doc. No. 94.)  We issued an Order detailing the unconstitutional conditions that we found, which included the holding of post-arraignment detainees for days in holding cells in numbers that far exceeded the capacity of the cells, the failure to provide beds and bedding, the failure to provide materials for personal hygiene, the failure to provide for the medical needs of detainees, the failure to timely classify detainees in the intake unit at the CFCF, and the lack of fire safety protection at the PAB and in the Police Districts.  (*Id.*)  We ordered the City to take immediate affirmative steps to redress these conditions.  (*Id.*)  The City did not appeal our grant of preliminary injunctive relief.

On August 30, 2007, Plaintiffs and Defendants moved jointly to terminate the preliminary injunction so that the parties could enter into a private settlement agreement.  (Doc. No. 148.)  On October 10, 2007, we granted that joint motion, terminated the preliminary injunction, and dismissed the class claims.  (Doc. No. 151.)  After the October 10, 2007 Order, the only claims remaining were the § 1983 damages claims and the state law claims of the

individual Plaintiffs. At this point, the only claims that remain are the § 1983 claims and the state law claims asserted by Plaintiff Lee Bowers against Defendants City of Philadelphia and Commissioner King in his official capacity (collectively, the "City").[1] (Doc. No. 165 at 1.) Plaintiff seeks money damages under 42 U.S.C. § 1983 for the unconstitutional conditions in the intake unit at the PPS that he was required to endure and that caused him to suffer a blood clot in his left leg. (*See* Doc. No. 1; Doc. No. 34 ¶ 29; Doc. No. 164 at 1.)

Plaintiff has filed the instant Motion for Partial Summary Judgment based upon the doctrine of issue preclusion. Plaintiff contends that in the January 25, 2007 Memorandum and Order, this Court determined that the conditions at the intake unit of the PPS during the period of Plaintiff's incarceration in June of 2006 were unconstitutional and that Defendants were responsible for those conditions. Plaintiff seeks partial summary judgment against Defendants on these liability issues.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine

---

[1] "Claims asserted against governmental officials in their official capacities are, in essence, claims brought against the municipality of which the official is an agent." *Cruz v. City of Phila.*, No. 07-0493, 2007 WL 4190690, at *4 (E.D. Pa. Nov. 21, 2007) (citations omitted); *see also Brown v. Montgomery County*, No. 04-5729, 2005 WL 1283577, at *4 (E.D. Pa. May 26, 2005) (noting that "official capacity actions represent another way to sue the municipality of which the officer is an agent" and that "an action brought against both the entity and the public official in his or her official capacity is redundant" (citations omitted)). "Suits brought against government officials in their official capacities are . . . treated as suits brought against the governmental unit of which they are officials." *Mitros v. Borough of Glenolden*, 170 F. Supp. 2d 504, 506 (E.D. Pa. 2001) (*citing Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of demonstrating that there are no facts supporting the nonmoving party's legal position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (explaining that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). "The nonmoving party . . . 'cannot rely merely upon bare assertions, conclusory allegations or suspicions' to support its claim." *Townes v. City of Phila.*, No. 00-0138, 2001 WL 503400, at *2 (E.D. Pa. May 11, 2001) (*quoting Fireman's Ins. Co. v. DeFresne*, 676 F.2d 965, 969 (3d Cir. 1982)). Rather, the party opposing summary judgment must go beyond the pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. When deciding a motion for summary judgment, we must view facts and inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995). However, we must not resolve factual disputes or make credibility determinations. *Siegel Transfer*, 54 F.3d at 1127.

### III.   DISCUSSION

#### A.   Preclusion Doctrines

Plaintiff maintains that he is entitled to partial summary judgment based on issue preclusion. Issue preclusion can occur in two ways: (1) through the application of collateral

estoppel; and (2) through the law-of-the-case doctrine.  Issue preclusion, or collateral estoppel, "requires separate actions."  *United States v. Sherman*, 912 F.2d 907, 909 (7th Cir. 1990); *see also Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.").  "Or as the Supreme Court put it in *Ashe v. Swenson*, 'when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"  *Sherman*, 912 F.2d at 907 (*citing Ashe,* 397 U.S. 436, 443 (1970)); *see also Reazzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) (noting that "[r]es judicata [including its 'issue preclusion prong'] does not speak to direct attacks in the same case, but rather has application [only] in subsequent actions."); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983) (holding that "issue preclusion is applicable only in subsequent actions, not within the same action").

  The law-of-the-case doctrine is the framework that "applies in subsequent proceedings of the same case."  *Hutchins v. U.P.S., Inc.*, No. 01-1462, 2005 WL 1793719, at *3 (D.N.J. July 26, 2005) (citation omitted).  Similar to issue preclusion, "[t]he law-of-the-case doctrine limits re-litigation of an issue once it has been decided in an earlier stage of the same litigation."  *Hamilton v. Leavy*, 322 F.3d 776, 787 (3d Cir. 2003) (citation omitted); *see also ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) ("Under the law-of-the-case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (citations omitted).  The law-of-the-case doctrine does not apply if

"extraordinary circumstances" warrant reconsideration of an issue decided earlier in the course of litigation. *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997). Extraordinary circumstances include: (1) the availability of new evidence; (2) the announcement of a supervening new law; and (3) a clearly erroneous decision that would create manifest injustice. *Id*. at 117; *see also McDuffy v. Marsico*, No. 00-0938, 2008 WL 3925167, at *3 (D. Del. Aug. 21, 2008) (noting same factors).

Plaintiff does not assert that our preliminary injunction findings are conclusive "in a subsequent action" between the parties, consistent with collateral estoppel. *See Nat'l R.R. Passenger Corp.*, 288 F.3d at 525. Rather, Plaintiff asserts that the preliminary injunction findings are conclusive "in an earlier stage of the same litigation," consistent with the law-of-the-case doctrine. *See Hamilton*, 322 F.3d at 787. The law-of-the-case doctrine is the appropriate framework for deciding the instant motion. *See Casilla v. N.J. State Prison*, No. 05-4590, 2008 WL 4003664, at *8 n. 5 (D.N.J. Aug. 22, 2008) (noting that since the defendant sought preclusion "based on this Court's ruling in an earlier stage of the same case, [the defendant's] argument probably should have been framed under 'the law of the case' doctrine").

### B. Preclusive Effect of Preliminary Injunction Findings

Plaintiff contends that our preliminary injunction findings should have preclusive effect at the trial of this case on the merits. However, "the general rule [is] that issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment." *Nat'l Ass'n of Letter Carriers, AFL-CIO v. U.S.P.S.*, 272 F.3d 182, 189 (3d Cir. 2001) (*quoting Arizona v. California*, 530 U.S. 392, 414 (2000)). The granting or denial of a preliminary injunction is not a "valid and final judgment," because it "does not involve a final

determination on the merits." *Evans v. Buchanan*, 555 F.2d 373, 387 (3d Cir. 1977) (citations omitted); *see also Berne Corp. v. Virgin Islands*, 105 Fed. App'x 324, 328 n.4 (3d Cir. 2004) (unpublished opinion) (noting that a preliminary injunction is an interlocutory order, while a permanent injunction after a trial on the merits is a final order). Thus, "[c]ourts generally do not apply the law-of-the-case doctrine to matters decided in the context of a motion for a preliminary injunction." *Latuszewski v. Valic Fin. Advisors, Inc.*, No. 03-0540, 2007 WL 3356056, at *1 (W.D. Pa. Nov. 11, 2007).

Preliminary injunction findings may have preclusive effect "if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." *Hawksbill Sea Turtle v. FEMA*, 126 F.3d 461, 474 n.11 (3d Cir. 1997). The plaintiffs in *Hawksbill*, landowners in the U.S. Virgin Islands, brought suit against FEMA to enjoin construction of an emergency housing facility on grounds that the construction threatened the habitats of tropical snakes and sea turtles and violated the Endangered Species Act. *Id*. at 463. The district court gave preclusive effect to findings the court made in denying a preliminary injunction in an earlier, similar case involving the tropical snakes. *Id*. at 464. The plaintiffs argued that "because a preliminary injunction proceeding is not 'final,' findings made in the course of such a proceeding are not entitled to preclusive effect." *Id*. The Court of Appeals for the Third Circuit, although reversing the district court's application of issue preclusion on other grounds, addressed the plaintiffs' argument in a footnote:

> [P]laintiffs rely on several cases holding that orders granting preliminary injunctions are generally not accorded preclusive effect in litigation on the merits in the same or different proceeding. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 396-98 (1981) (no preclusive effect in litigation on merits of same case); *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1350 (9th Cir. 1982) (refusing to apply collateral estoppel to state court finding made in preliminary injunction proceeding in trial on

>  merits of plaintiff's § 1983 claim); *Cmty. Nutrition Inst. v. Block*, 749 F.2d 50, 56 (D.C. Cir. 1984) (refusing to accord preclusive effect to determination made in granting of preliminary injunction in final hearing on the merits in a different case); *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.*, 505 F. Supp. 1125, 1185 (E.D. Pa. 1980) (Judge's findings, "which are addressed to the preliminary motion to dismiss, are not 'the law of the case[,]' . . . do not control the issues . . . upcoming in connection with the motions for summary judgment."). But findings made in granting or denying preliminary injunctions can have preclusive effect if the circumstances make it likely that the findings are "sufficiently firm" to persuade the court that there is no compelling reason for permitting them to be litigated again. *Dyndul v. Dyndul*, 620 F.2d 409, 411-12 (3d Cir. 1980); *accord Commodity Futures Trading Comm'n v. Bd. of Trade*, 701 F.2d 653, 657 (7th Cir. 1983) (findings made in preliminary injunction decisions have preclusive effect "if the circumstances make it likely that the findings are accurate [and] reliable"); 18 Wright, Miller & Cooper §§ 4434, 4445; 1 Restatement of Judgments (Second) § 13, illus. 1 at 136-37 (1982).

*Hawksbill*, 126 F.3d at 474 n.11; *see also Pa. Public Interest Research Group, Inc. v. P.H. Glatfelter Co.*, 128 F. Supp. 2d 747, 756 (M.D. Pa. 2001) (recognizing the "Third Circuit's unequivocal statement" in the *Hawksbill* footnote that "findings made in granting or denying preliminary injunctions can have preclusive effect").

Whether the findings are "sufficiently firm" to merit preclusive effect "turns on a variety of factors, including 'whether the parties were fully heard, whether the court filed a reasoned opinion, and whether that decision could have been, or actually was appealed.'" *Hawksbill*, 126 F.3d at 474 n.11 (*citing In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991)). "Preclusion would seem to be particularly appropriate in a second action seeking the same injunctive relief." *Id.* (*citing Lyon Ford, Inc. v. Ford Mktg. Corp.*, 337 F. Supp. 691, 695 (E.D.N.Y. 1971)); *see also Naser Jewelers, Inc. v. City of Concord*, 538 F.3d 17, 20 (1st Cir. 2008) (holding that law-of-the-case doctrine applies to findings from a preliminary injunction motion when the record was "sufficiently developed and facts necessary to shape the proper legal matrix we[re] sufficiently clear").

8

Our preliminary injunction findings were sufficiently "firm" to warrant the application of issue preclusion. *See Hawksbill*, 126 F.3d at 474 n.11.  We heard four days of testimony and evidence presented at the preliminary injunction hearing.  The parties were given ample time to prepare their respective cases, and they presented more than twenty witnesses and thirty exhibits at the hearing.  The record was well-developed, and the parties were fully-heard.  We also toured the prison facilities.  Based on all of the evidence, we issued an exhaustive 73-page Memorandum Opinion in which we noted that the City did not "meaningfully rebut the fact that the prison was experiencing severe overcrowding in May through September 2006."  (Doc. No. 94 at 44.)  The City did not appeal.  *See Hawksbill*, 126 F.3d at 474 n.11.  We believe that our findings of fact and conclusions of law are sufficiently "firm" to justify application of the law-of-the-case doctrine.  *See Naser*, 538 F.3d at 20; *Wolstein v. Docteroff*, 133 F.3d 210, 216 (3d Cir. 1997) (affirming issue preclusion where "the record establishes that the . . . court adequately considered all the relevant issues" and the court "wrote a thorough and thoughtful opinion"); *In re Brown*, 951 F.2d 564, 569-70 (3d Cir. 1991) (judgment sufficiently final if parties are heard, a reasoned opinion is filed, and finality is sufficiently firm and reliable).  *Cf. Glatfelter*, 128 F. Supp. 2d at 756 (refusing to grant preclusive effect to findings in a supersedeas order where it "was clear that [the] decision was rendered in a hasty manner under urgent conditions," and "[t]here is no explanation . . . regarding what evidence or testimony from the hearing supported [the] findings, nor what legal principles [the court] relied upon").

Nevertheless, the City has a constitutional right under the Seventh Amendment of the United States Constitution to a jury trial.  *See* U.S. Const. amend. VII.  That right is compelling.  Notwithstanding the firmness of our findings, we conclude that Defendants' right to have a jury

reconsider our findings is paramount. "It is well established" that the right to a jury trial of legal issues remains even in cases involving both legal and equitable claims. *EEOC v. Corry Jamestown Corp.*, 719 F.2d 1219, 1224 (E.D. Pa. 1983) (*citing Dairy Queen Inc. v. Wood*, 369 U.S. 469 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959)). In such cases, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990) (*citing Curtis v. Loether*, 415 U.S. 189, 196, n. 11 (1974)). The fact that a judge has decided the equitable issues first does not foreclose the party's Seventh Amendment right to have the legal issues tried to a jury in the same action. *See Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970). In *Ross*, the Supreme Court held that stockholders in a derivative action were entitled to a jury trial on the corporation's legal claim notwithstanding the stockholders' right to sue as an equitable matter. *Id*. The Supreme Court noted that:

> where equitable and legal claims are joined in the same action, there is a right to [a] jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.

*Id*.; *see also Beacon*, 359 U.S. 500, 510-11 ("[O]nly under the most imperative circumstances . . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims."). The preliminary injunction findings that we made in this case must not abridge the City's Seventh Amendment right to a "jury trial on the legal claim, including all issues common to both claims." *Lytle*, 494 U.S. at 550. That right "remains intact" notwithstanding our preliminary injunction findings. *See id*.; *see also Dairy Queen*, 369 U.S. at 469. The fact that we decided equitable issues first does not foreclose the City's Seventh Amendment right to have the legal issues tried to a jury in the same action. *See Ross*, 396 U.S. at 537-38.

10

We reject Plaintiff's argument that "the failure of the City to request a jury determination . . . acts as a waiver of any objection to the preclusive effect of the findings on issues resolved in the equitable proceedings. . . ." (Doc. No. 165 at 9.)  Although it was Plaintiffs who made the jury demand, their jury demand "operate[s] as a demand" by Defendants.  *See Yates v. Dann*, 223 F.2d 64, 66 (3d Cir. 1955).  Federal Rule of Civil Procedure 38(d) requires consent of the parties before a jury demand may effectively be withdrawn.  *See* Fed. R. Civ. P. 38(d).  "The consent requirement contained in Rule 38 ensures that one party may rely on another's jury demand." *Resnick v. Resnick*, 763 F. Supp. 760, 764 n.4 (S.D.N.Y. 1991) (*citing Rosen v. Dick*, 639 F.2d 82, 91 (2d Cir. 1980)).  The parties have not consented to withdraw the jury demand.  Defendants expressly "have not waived their right to a jury trial on the merits of Plaintiff's claim." (Doc. No. 167 at 17.)  The right to a jury trial of legal issues can be lost through prior determination of equitable claims "only under the most imperative circumstances." *Beacon*, 359 U.S. 500, 510-11.  We find no such circumstances here.

**IV.    CONCLUSION**

For these reasons, we will deny Plaintiff's Motion for Partial Summary Judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE BOWERS, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-3229 |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this  12th  day of   December  , 2008, upon consideration of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 165), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge